**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT DAVID NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:11-cv-184-JMS-DKL |
| | ) |
| LAURA A. BRIGGS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. A court may take judicial notice of its own records. *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases). Taking note of the filings in No. 1:11-mc-12-TWP-TAB, the court issues these directions:

    a. The *Federal Rules of Civil Procedure* "require[ ] that 'an action must be prosecuted in the name of the real party in interest.'" *RK Co. v. See,* 622 F.3d 846, 850 (7th Cir. 2010) (quoting Fed. R. Civ. Proc. 17(a)). "The 'real party in interest' is the person who possesses the right or interest to be enforced through litigation," *id.,* as determined by "the applicable state substantive law." *Am. Nat'l Bank & Trust Co. v. Weyerhaeuser Co.,* 692 F.2d 455, 459–60 (7th Cir. 1982).

    b. Mr. Nelson is in fact the following individual:

        Robert David Neal
        No. 15151-180
        United States Penitentiary
        P.O. Box 33
        Terre Haute, IN 47808

    In so ruling, the court finds **Robert David Neal to be the real party in interest.** The caption and the clerk's docket **shall be amended** accordingly.

    c. The petitioner=s copy of rulings in this action shall hereafter be sent to Robert David Neal, No. 15151-180, United States Penitentiary, P.O. Box 33, Terre Haute, IN 47808.

2. The plaintiff seeks the recusal of each of the Article III Judges in this District. He makes that request based on the course and outcome of prior litigation to which he has been a party in this District.

   a. A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify a federal judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party.

   b. Although the plaintiff has submitted an affidavit, this effort does not meet the requirement of ' 144 because the *pro se* plaintiff is without the means of satisfying the Αcertificate of counsel@ requirement and is thus unable to seek disqualification under ' 144. *See Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D. Ind. 1996).

   c. The request for recusal is therefore treated as being made pursuant to 28 U.S.C. ' 455(a). *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

   d. A judge is presumed to be impartial. *United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981).

   e. "When a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D. Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

   f. Mr. Neal has not identified any circumstance of an extrajudicial nature supporting his broad request for recusal of all Article III Judges in this District, nor of the undersigned in particular.

   g. Mr. Neal's request for recusal is **denied.**

3. The plaintiff's request to proceed *in forma pauperis* [2] is **granted.** He is assessed an initial partial filing fee of Nine Dollars and Forty-Five Cents ($9.45) and shall have **through August 11, 2011,** in which to pay this sum to the clerk of the district court.

   **IT IS SO ORDERED.**

Date: 07/26/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.

Distribution:

Robert David Neal
No. 15151-180
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808